IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**ALVIN HONEYCUTT**                                                                 **PLAINTIFF**

v.                              **CASE NO. 2:21-CV-00049-BSM**

**CITY OF MARIANNA**, *et al.*                                                      **DEFENDANTS**

**ORDER**

Defendants' motion for summary judgment [Doc. No. 33] is granted, and this case is dismissed with prejudice.

Alvin Honeycutt is suing the city of Marianna, Marianna Police Chief Daniel Strickland, Sergeant Dale Acosta, and Mayor Jimmy Williams under 42 U.S.C. § 1983, the Family Medical Leave Act ("FMLA"), the Fair Labor Standards Act ("FLSA"), the Arkansas Minimum Wage Act ("AMWA"), the Americans with Disabilities Act ("ADA"), the Rehabilitation Act, the Arkansas Civil Rights Act ("ACRA"), Title VII, and the Arkansas Whistle-Blower Protection Act.  Am. Compl., Doc. No. 24.  Honeycutt, who was demoted and then terminated from the Marianna Police Department (MPD), alleges that these adverse actions occurred as a result of unlawful discrimination and retaliation.  Defendants move for summary judgment, arguing that the actions taken against Honeycutt were the results of his poor work performance and that there are no disputes of material fact requiring a trial.

I.  BACKGROUND

This is a discrimination case involving race, so it must first be pointed out that Honeycutt is white and Strickland is black, and the races of Acosta and Williams are not

specifically stated in the record. Honeycutt worked for the MPD from 2007 to 2021. He was hired as a patrol officer and was promoted until he reached the rank of sergeant and Criminal Investigation Division (CID) detective. Pl.'s Resp. to Defs.' SUMF at ¶¶ 5, 8; Doc. No. 45. Strickland was hired into the MPD as a CID detective in 2013, and was initially Honeycutt's subordinate. Strickland, however, was promoted to lieutenant in 2017 and was then appointed chief of police in 2020. *Id.* at ¶ 10, 14. Acosta was hired by MPD as a part-time patrol officer in April 2013 and became a full-time officer in May 2013. *Id.* at ¶ 16. Acosta was promoted to sergeant in 2014 and to patrol sergeant in 2016. *Id.* at ¶ 17–18.

On March 19, 2020, Honeycutt, Chief Strickland, and Mayor Williams met to discuss COVID-19 safety protocols. *Id.* at ¶ 25. Honeycutt was directed to post a notice on social media that the police department's lobby would be closed. *Id.* A day later, Strickland suspended Honeycutt for directing another officer to instruct local businesses that they could have only ten customers inside their establishments at any given time. *Id.* at ¶ 30. Although it is undisputed that Honeycutt was disciplined for giving this order, Honecutt disputes that he actually gave the order. Honeycutt therefore notified the mayor in writing that he disagreed with the suspension and he complained about Acosta. *Id.* at ¶ 31.

Between March 2020 and his July 2021 termination, Honeycutt was disciplined either verbally or in writing on seven separate occasions for matters ranging from tardiness to neglect of duty to lack of truthfulness. On December 6, 2020, Honeycutt failed to report to a crime scene in which someone had been shot. Pl.'s Resp. to Defs.' SUMF at ¶ 42–47.

Three days later, he sent a text message to Strickland explaining that his doctor had found a blood clot in his leg. *Id.* at ¶ 58. Honeycutt was then granted medical leave until January 12, 2021. *Id.* at ¶ 59. When he returned to work, Strickland put Honeycutt on probation for sixty days based on disciplinary issues that occurred before Honeycutt's medical leave. *Id.* at ¶¶ 70–72. Strickland also gave Honeycutt a sixty day demotion from sergeant to corporal, during which time Honeycutt was required to improve his work to a satisfactory level, organize the evidence room, create a new evidence chain of custody procedure, train another officer on CID duties and procedures, identify drug activities, suspects, and confidential informants, and secure search warrants. *Id.* at ¶ 73.

While on probation, Honeycutt received another disciplinary. *Id.* at ¶ 75. When his probation concluded, Honeycutt's demotion was continued indefinitely, and his title of detective was removed and he was assigned to patrol. *Id.* at ¶ 76. In September 2021, Strickland instructed Acosta to assess Honeycutt and to write a report regarding his performance. *Id.* at ¶ 92. After assessing Honeycutt's job performance, Acosta recommended terminating Honeycutt for failing to meet any of the goals that he was assigned during his probation. Upon Acosta's recommendation, Strickland terminated Honeycutt. *Id.* at ¶93.

## II. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P.

56(a); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249–50 (1986). Once the moving party demonstrates that there is no genuine dispute of material fact, the non-moving party must produce admissible evidence demonstrating a genuine factual dispute requiring a trial. *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011). All reasonable inferences must be drawn in a light most favorable to the non-moving party. *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007). The evidence is not weighed, and no credibility determinations are made. *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

### III.  DISCUSSION

Summary judgment is granted on each of Honeycutt's claims and his complaint is dismissed with prejuduce.

    A.    <u>Retaliation under 42 U.S.C. § 1983</u>

Summary judgment is granted on Honeycutt's retaliation claims. Honeycutt alleges that Strickland, Williams, and Acosta retaliated against him for exercising his First Amendment right to free speech. To establish a *prima facie* case of First Amendment retaliation, Honeycutt must show that he engaged in conduct protected by the First Amendment, suffered a materially adverse employment action, and that the protected conduct was a substantial or motivating factor in defendants' decision to take adverse employment action. *Davison v. City of Minneapolis, Minn*, 490 F.3d 648, 654–55 (8th Cir. 2007). If Honeycutt meets his burden, the burden then shifts to defendants to show that there was a legitimate non-discriminatory reason for the adverse action. *Id.* If defendants meet this

burden, the burden then shifts back to Honeycutt to show that defendants' proffered reason for the adverse action was pretext for retaliation. *Id.*

### 1. Official Capacity Claims

Summary judgment is granted on Honeycutt's official capacity claims against Strickland, Williams, and Acosta because they are claims against the City of Marianna. *Monell v. Dep't Soc. Servs.*, 436 U.S. 658, 690 (1978). To bring a claim against the city, Honeycutt must show that defendants violated his rights pursuant to an official policy or unofficial custom of the City. *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 699 (8th Cir. 2016). Although Honeycutt was undisputedly subjected to adverse action, he has failed to meet this burden because he has not offered any evidence that the actions taken against him resulted from a custom, policy, or practice of the City of Marianna.

### 2. Individual Capacity Claims

Summary judgment is granted on Honeycutt's individual capacity claims. Even if it is assumed that Honeycutt has established a *prima facie* case of retaliation, defendants have provided legitimate non-discriminatory reasons for the adverse actions taken against him. *See* background section above. In response, Honeycutt has failed to show that the reasons provided by defendants are pretext. *See Ackerman v. Iowa*, 19 F.4th 1045, 1061 (8th Cir. 2021); *Tyler v. Univ. of Arkansas Bd. of Trustees*, 628 F.3d 980, 988 (8th Cir. 2011). Moreover, summary judgment is granted on Honeycutt's claims against Williams because nothing in the record indicates that he was involved in the adverse actions taken against

Honeycutt.

      B.      <u>Family Medical Leave Act Retaliation and Interference</u>

Summary judgment is granted on Honeycutt's FMLA retaliation and interference claims against the City, Williams, and Strickland.

*1. Retaliation Claim*

FMLA retaliation claims are analyzed under the *McDonnell Douglas* burden-shifting framework. *Wierman v. Casey's Gen. Stores*, 638 F.3d 984, 999 (8th Cir. 2011).

Honeycutt argues that the adverse employment actions taken against him were retaliation for taking FMLA leave. The fact that Honeycutt was demoted immediately upon returning from medical leave is sufficient to meet the low burden required to establish a *prima facie* case of FMLA retaliation. As explained in the First Amendment retaliation section, defendants have provided legitimate non-discriminatory reasons for the adverse actions taken against Honeycutt. As recounted in the background section, Honeycutt was disciplined numerous times for reasons unrelated to his medical leave. The record also shows that despite Honeycutt's numerous disciplinaries, Strickland attempted to work with Honeycutt to help him improve his performance. The record does not support Honeycutt's argument that he was demoted for taking medical leave. *See Throneberry v. McGehee Desha County Hosp.*, 403 F.3d 972, 978 (8th Cir. 2005). Consequently, Honeycutt has failed to show pretext.

*2. FMLA Interference*

In an FMLA interference claim, "the employee alleges that an employer denied or interfered with his substantive rights under the FMLA." *Chappell v. Bilco Co.*, 675 F.3d 1110, 1115 (8th Cir. 2012). Honeycutt argues that being demoted the day he returned from work interfered with his FMLA leave. This argument fails because the FMLA does not shield an employee on FMLA leave from the same adverse action that he would have received had he not taken leave. *Throneberry*, 403 F.3d at 978.

    C.    <u>Fair Labor Standards Act and Arkansas Minimum Wage Act</u>

Summary judgment is granted on Honeycutt's FLSA and AMWA claims because the record does not support these claims. This is true because he has failed to show the "amount and extent of [overtime] work" which would allow a fact-finder to find overtime hours "as a matter of just and reasonable inference." *Holaway v. Stratasys, Inc.*, 771 F.3d 1057, 1060 (8th Cir. 2014). Honeycutt simply asserts that "in general" he "worked at least 10 hours of overtime a week . . . that he was not paid for." Honeycutt Aff. at ¶ 2, Doc. No. 44-1. This is not enough to overcome summary judgment.

    D.    <u>Americans with Disabilities Act, Rehabilitation Act,
           and Arkansas Civil Rights Act</u>

Summary judgment is granted on Honeycutt's claim that the City discriminated against him and retaliated against him because he is disabled. Disability claims under the ADA, the Rehabilitation Act, and the ACRA are analyzed using the same standard. *See Perkins v. St. Louis Cnty. Water Co.*, 160 F.3d 446, 448 (8th Cir. 1998); *Duty v. Norton-Alcoa Proppants*, 293 F.3d 481, 490 (8th Cir. 2002). To establish these claims,

Honeycutt must show that he was disabled within the meaning of the ADA, that he is a qualified individual under the ADA, and that he has suffered an adverse employment action because of his disability. *EEOC v. Prod. Fabricators, Inc.*, 763 F.3d 963, 969 (8th Cir. 2014). It is doubtful that Honeycutt's blood clot is a qualifying disability under the ADA. Even if Honeycutt is afforded the benefit of the doubt and it is assumed that his blood clot was a qualifying disability, nothing in the record supports his contention that the adverse employment actions taken against him were taken because he had a blood clot.

    E.    <u>Arkansas Civil Rights Act and Title VII claims</u>

Summary judgement is granted on Honeycutt's race discrimination claims. A claim for race discrimination under Title VII and the ACRA is analyzed under the *McDonnell Douglas* burden shifting standard as set out in sections III(A), (B)(1) above. *Depriest v. Milligan*, 823 F.3d 1179 (8th Cir. 2016). To make out a *prima facie* case of race discrimination, he must show that he is a member of a protected class, that he met his employer's legitimate expectations, that he suffered an adverse employment action, and that the circumstances give rise to an inference of discrimination. *Watson v. McDonough*, 966 F.3d 850, 855 (8th Cir. 2021). Although Strickland is black and Honeycutt is white, nothing in the record supports Honeycutt's claim that the adverse employment actions were taken against him because he is white. Moreover, Honeycutt has not shown that he was meeting his employer's legitimate expectations, or that the circumstances give rise to an inference of discrimination. The only evidence Honeycutt offers to show race discrimination is a

statement in his affidavit that Mayor Williams once stated that he would never hire a white police chief so that he could not be accused of being racist. Honeycutt Aff. at ¶14, Doc. No. 44-1. This bald statement is not sufficient to support a claim of race discrimination, given the allegations in the present case.

Even if Honeycutt's assertion about the mayor was sufficient to make out a *prima facie* case of race discrimination, defendants have given legitimate non-discriminatory reasons for the adverse actions taken against Honeycutt, and Honeycutt has failed to show that those reasons are merely pretext for discrimination.

F. Arkansas Whistle-Blower Act

Summary judgment is granted on Honeycutt's Arkansas Whistle-Blower Act claim because the record lacks evidence that the City took adverse action against him for filing an EEOC claim or lawsuit, or for making internal complaints. Br. Supp. Resp. Mot. Summ. J. at 13, Doc. No. 46. Summary judgment is appropriate because Honeycutt has not shown that he communicated "[t]he existence of waste of public funds, property, or manpower, including federal funds, property, or manpower administered or controlled by a public employer" or "[a] violation or suspected violation of a law, rule, or regulation adopted under the law of this state or a political subdivision of the state." Ark. Code Ann. 21-1-603(a).

G. Hostile Work Environment

Honeycutt does not allege a separate hostile work environment claim; however, in his response to defendants' motion for summary judgment, he appears to argue one. Pl.'s Br.

Supp. Resp. Mot. Summ. J. at 15, Doc. No. 46. He argues that he was subjected to a hostile work environment because he was required to work in a vehicle that had holes in it that let in the wind and rain, was not safe to drive because it had been previously wrecked three times, and had no lights or siren. *Id.* at 16. To the extent that Honeycutt is now making a hostile work environment claim, summary judgment is granted on it because he cannot raise a new claim in response to a motion for summary judgment. *See Hildreth v. City of Des Moines*, 773 F.App'x 334, 335 (8th Cir. 2019).

## IV. CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment [Doc. No. 33] is granted, and this case is dismissed with prejudice.

IT IS SO ORDERED this 13th day of January, 2023.

_____
UNITED STATES DISTRICT JUDGE